## No. 3312.

GLOVER & ODENDAHL v. GEORGE B. SHUTE. CITIZENS' BANK OF LOUISIANA intervenor.

This suit was instituted to enforce the vendor's privilege on certain barrels of flour shipped for Liverpool, for which the whole price had not been paid. The Citizens' Bank intervened, claiming the control of the property by virtue of the bills of lading upon which it had made advances to the shippers. In this court the bank pleaded specially the want of registry necessary to preserve the plaintiffs' privilege. The plaintiffs objected that the question was not raised in the lower court, and that as, under article 805 C. P., the Supreme Court can only execute its jurisdiction in so far as it shall have knowledge of the matters argued or contested below, the point can not be urged here. This objection is not well founded, because the matter contested below was the privilege claimed by the plaintiffs, and as they have failed to show that they have preserved their privilege in the manner prescribed by law, they can not enforce it to the prejudice of the intervenor, holding the evidence of title.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. Randolph, Singleton & Browne* and *O. B. Buddecke*, for plaintiffs and appellees. *P. J. Robert*, curator *ad hoc*, for Shute. *A. Pitot*, for intervenor and appellant.

HOWELL, J. The plaintiffs sold and delivered to the defendant a certain number of barrels of flour, which were shipped on board the bark Minot, loading for Liverpool, and the whole price not being paid, this suit was instituted to enforce the privilege under act 3227 R. C. C. The Citizens' Bank intervened claiming the control of the property by virtue of the bills of lading upon which it made advances to the shipper,

Shute. Judgment was rendered in favor of the plaintiffs and the bank appealed. In this court the bank pleaded specially the want of registry necessary to preserve the plaintiffs' privilege.

To this the plaintiffs answer that the question was not raised in the lower court, and as under article 805 C. P., the Supreme Court can only exercise its jurisdiction in so far as it shall have knowledge of the matters argued or contested below, the point can not be argued here. The reply is simple, that the matter contested below was the privilege claimed by the plaintiffs, and as they have failed to show that they have preserved their privilege in the manner prescribed by law, they can not enforce it to the prejudice of the intervenors, holding the evidence of title. They have failed to make out their case, and they do not pretend that if the point had been raised below, they could have shown a registry.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of the intervenor, the Citizens' Bank of Louisiana, decreeing it entitled to the proceeds of the property sequestered herein, and costs in both courts.